## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM WAGNER, Individually and For Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>D&B OILFIELD SERVICES, INC.,<br><br>    Defendant. | **Case No.** CIV-19-947-F<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      William Wagner (Wagner) brings this Fair Labor Standards Act (FLSA) lawsuit to recover unpaid overtime wages and other damages owed by D&B Oilfield Services, Inc. (D&B).

2.      Wagner worked for D&B as a Water Disposal Operator.

3.      Wagner and other workers like him regularly worked in excess of 40 hours each week.

4.      But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

5.      Instead of paying overtime as required by the FLSA, D&B misclassified Wagner and other workers like him as exempt and paid them a salary with no overtime compensation.

6.      This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION & VENUE

7.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

9.      Wagner worked for D&B in this District and Division.

10.     Specifically, Wagner worked for D&B in and around Ringwood, Oklahoma. Indeed, Wagner regularly worked overtime for D&B in and around Ringwood, Oklahoma. Despite regularly working over 40 hours, D&B misclassified him as exempt and paid him a salary with no overtime compensation.

11.     D&B is headquartered in this District and Division and conducts substantial business operations in this District and Division.

12.     Specifically, D&B is headquartered in Ringwood, Oklahoma. D&B hires workers, like Wagner, to provide water disposal services to its oilfield clients in and around Ringwood, Oklahoma.

## PARTIES

13.     Wagner worked for D&B as a Water Disposal Operator from approximately October 2017 until January 2019.

14.     Throughout his employment with D&B, Wagner was classified as exempt and paid a salary with no overtime compensation.

15.     But Wagner was performing non-exempt duties.

16.     Wagner's consent to be a party plaintiff is attached as Exhibit 1.

17.     Wagner brings this action on behalf of himself and other similarly situated workers who were misclassified as exempt and paid a salary with no overtime compensation.

18.     D&B misclassified each of these workers as exempt and paid them a salary with no overtime in violation of the FLSA.

19.     The collective of similarly situated employees or putative class members sought to be certified is defined as follows:

**All workers employed by, or working on behalf of, D&B who worked in excess of 40 hours in a workweek at any time in the past 3 years, were paid a salary, and were not paid overtime** (Putative Class Members).

20.     D&B failed to pay these workers overtime for hours worked in excess of 40 hours in a workweek.

21.     Defendant D&B is an Oklahoma corporation that maintains its headquarters in Ringwood, Oklahoma. D&B may be served with process through its registered agent: **McAfee & Taft a Professional Corporation, Two Leadership Square, 211 North Robinson Avenue, 10th Floor, Oklahoma City, Oklahoma 73102**.

## COVERAGE UNDER THE FLSA

22.     At all relevant times, D&B has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23.     At all relevant times, D&B has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24.     At all relevant times, D&B has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). D&B has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment – that have been moved in or produced for commerce.

25.     In each of the last 3 years, D&B has had and has an annual gross volume of sales made or business done of at least $500,000.

26.     At all relevant times, Wagner and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

27.     As will be shown through this litigation, D&B misclassified Wagner and the Putative Class Members as exempt employees and dictated the pay practices to which it subjected them.

## FACTS

28.     D&B provides water disposal services to the oil and gas industry.

29.     D&B employed Wagner as a Water Disposal Operator from approximately October 2017 until January 2019.

30.     Throughout the relevant time period, D&B paid Wagner and the Putative Class Members a salary with no overtime compensation.

31.     Specifically, D&B paid Wagner approximately $1,000 every week.

32.     D&B did not pay Wagner or the Putative Class Members additional wages when they worked over 40 hours in a workweek.

33.     But Wagner and the Putative Class Members regularly worked substantial overtime.

34.     For example, Wagner typically worked a minimum of 12 hours a day, for 7 days a week, for weeks on end.

35.     Thus, Wagner regularly worked approximately 84 hours each workweek, well over the 40-hour overtime threshold.

36.     D&B misclassified Wagner and the Putative Class Members as exempt from the overtime compensation requirements of the FLSA.

37.     But Wagner and the Putative Class Members were not employed in any bona fide executive, administrative, or professional capacity.

38.     Nor were Wagner and the Putative Class Members performing work that was exempt under the Motor Carrier Act.

39.     D&B did not pay Wagner or the Putative Class Members one and one-half times their regular rates of pay for all hours worked, when they worked in excess of 40 hours in a work week.

40.     Wagner and the Putative class Members' primary duties consisted of operating saltwater disposals, cleaning tanks, monitoring water levels, and hooking up equipment.

41.     Specifically, Wagner and the Putative Class Members would unload frac tanks and disposal trucks and take in water from pipelines. These workers would reclaim any oil from water received and pump the water underground to dispose of it. These workers also would wash out the frac tanks.

42.     Wagner and the Putative Class Members never drove any vehicles weighing over 10,000 pounds on any interstates, highways, or county roads.

43.     Indeed, Wagner and the Putative Class Members' operation of any D&B vehicles was strictly limited to D&B's jobsites and facilities.

44.     Wagner and the Putative Class Members did not have the authority to hire, fire, and/or discipline any of D&B's employees.

45.     Wagner and the Putative Class Members' primarily job duties did not require them to exercise discretion or independent judgment with respect to matters of significance.

46.     Indeed, Wagner and the Putative Class Members' job duties were formulaic and not highly specialized.

47.     Thus, Wagner and the Putative Class Members were non-exempt employees that should have been paid overtime for all hours worked over 40 per week.

48.     D&B knew Wagner and the Putative Class Members worked significant overtime without being compensated for the same.

49.     Upon information and belief, D&B deprived Wagner and the Putative Class Members of the overtime pay they were entitled to under the FLSA to save on labor costs and make higher profits.

50.     At all relevant times, Wagner and the Putative Class Members were non-exempt employees for purposes of overtime compensation provisions of the FLSA.

## CAUSE OF ACTION - FLSA VIOLATIONS

51.     Wagner brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

52.     D&B violated, and is violating, the FLSA by failing to pay Wagner and the Putative Class Members overtime.

53.     D&B misclassified Wagner and the Putative Class Members as exempt employees in order to deprive them of overtime they were entitled to under the FLSA.

54.     D&B knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Wagner and the Putative Class Members overtime.

55.     D&B's failure to pay overtime to Wagner and the Putative Class Members was neither reasonable, nor was the decision not to pay overtime made in good faith.

56.     Accordingly, Wagner and the Putative Class Members are entitled to overtime under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### COLLECTIVE ACTION ALLEGATIONS

57.     The Putative Class Members were victimized by D&B's pattern, practice, and/or policy which is in willful violation of the FLSA.

58.     Other salaried employees worked with Wagner and indicated they were classified as exempt, paid in the same manner (a salary with no overtime), and performed similar work.

59.     Based on his experiences with D&B, Wagner is aware that D&B's illegal practices were imposed on the Putative Class Members.

60.     The Putative Class Members were classified as exempt employees and not afforded overtime compensation when they worked in excess of 40 hours in a week.

61.     Wagner's experiences are therefore typical of the experiences of the Putative Class Members.

62.     The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

63.     Wagner has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Wagner has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

64.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

65.     Absent this action, many Putative Class Members likely will not obtain redress of their injuries, and D&B will reap the unjust benefits of violating the FLSA.

66.     Furthermore, even if some of the Putative Class Members could afford individual litigation against D&B, it would be unduly burdensome to the judicial system.

67.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

68.     The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a.     Whether D&B employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA;

    b.     Whether D&B's decision to classify the Putative Class Members as exempt employees and pay them a salary with no overtime was made in good faith;

    c.     Whether D&B's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

    d.     Whether D&B's violation of the FLSA was willful; and

    e.     Whether D&B's illegal pay and classification practices were applied uniformly to all Putative Class Members.

69.     Wagner and the Putative Class Members sustained damages arising out of D&B's illegal and uniform employment policy.

70.     Wagner knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

71.     Even if the issue of damages was somewhat individual in character, there would be no detraction from the common nucleus of liability facts.

### RELIEF SOUGHT

WHEREFORE, Wagner prays for judgment against D&B as follows:

a.      An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.      For an Order appointing Wagner and his counsel to represent the interests of the Putative Class Members;

c.      For an Order finding D&B liable to Wagner and the Putative Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d.      For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

e.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*

    **Michael A. Josephson**
    TX Bar No. 24014780
    OK Fed. ID No. 14-145
    **Andrew W. Dunlap**
    TX Bar No. 24078444
    OK Fed. ID No. 14-148
    **JOSEPHSON DUNLAP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com

    **AND**

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**